IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL HENRY RICHARDSON JR. § | | |
| TDCJ-CID #01249464 § | | |
| V. § | | C.A. NO. C-08-083 |
| § | | |
| NATHANIEL QUARTERMAN § | | |

### ORDER GRANTING PETITIONER'S MOTION FOR OUT-OF-TIME APPEAL

By Order and Final Judgment entered June 26, 2008, the Court granted respondent's motion for summary judgment and dismissed petitioner's habeas corpus claims on the merits without an evidentiary hearing. (D.E. 25, 26). Pending are petitioner's motion for extension of time to file notice of appeal and a certificate of appealability ("COA") (D.E. 31) and motion for extension of time to file objections to the magistrate judge's recommendation (D.E. 32).

### I. Procedural Background

Petitioner is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division, and is currently incarcerated in the Beto Unit in Tennessee Colony, Texas. On March 17, 2008, he filed a § 2254 petition for habeas corpus relief challenging his July 2004 murder conviction and life sentence, entered in the 319th Judicial District Court of Nueces County, claiming ineffective assistance of trial counsel. (D.E. 1).

On April 9, 2008, respondent filed a motion for summary judgment. (D.E. 10).

On May 30, 2008, petitioner filed a traverse to respondent's summary judgment motion. (D.E. 22).

On June 3, 2008, the magistrate judge recommended that respondent's motion for summary judgment be granted, and that petitioner's request for an evidentiary hearing be denied. (D.E. 23).

On June 26, 2008, the Court adopted the recommendation (D.E. 25), and entered final

judgment. (D.E.26).

On June 30, 2008, petitioner filed a motion for extension of time to file objections to the recommendation of the magistrate judge. (D.E. 27).

On July 21, 2008, the magistrate judge denied the motion for extension of time as moot because final judgment had already been entered. (D.E. 28).

On August 8, 2008, petitioner filed the instant motion for extension of time to file a notice of appeal and COA. (D.E. 31). He also filed a second motion for extension of time to file objections to the recommendation of the magistrate judge. (D.E. 32).

### III.  DISCUSSION

**A.     Extension of time to file objections.**

Petitioner has filed a second motion for extension of time to file objections to the magistrate judge's recommendation. (D.E. 32). This motion is identical in substance to his previous motion for extension of time to file objections. (D.E. 27). The magistrate judge denied the first request for extension of time because the Court had already adopted the recommendation, rendering the request for additional time moot. (See D.E. 28).

In the second motion to extend time, the dates and arguments are the same. (Compare D.E. 27 to D.E. 32). Indeed, although the second motion was filed on August 8, 2008, petitioner states that he is seeking an extension of time through "*July 16, 2008*," the date he sought in the earlier motion to extend time, and a date that has already past. (D.E. 32 at ¶ 2). That is, it appears petitioner filed this second motion in error. Accordingly, petitioner's second motion, again asking for an extension of time to file objections to the recommendation (D.E. 32), is denied as mistakenly filed and as moot.

**B.     Extension of time to file notice of appeal/COA.**

A notice of appeal by a party in a civil case must be filed within 30 days after the judgment or order appealed from is entered. Fed. R. App. P. Rule 4(b)(1)(A). A prisoner's *pro se* notice of appeal is timely filed if deposited in the institution's internal mail system on or before the last day for filing. Fed. R. App. P. 4(c)(1); see also Houston v. Lack, 487 U.S. 266, 276 (1988).

In this case, final judgment was entered on June 30, 2008. (D.E. 26). Thus, petitioner had until July 30, 2008 to timely file his notice of appeal. He did not do so.

Pursuant to Rule 4(a)(5)(A), Fed. R. App. P, the district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires; and (ii) the party can show good cause or excusable neglect. That is, a party may seek an extension to file a notice of appeal as long as it is done, in this case, within 60 days after entry of final judgment. Fed. R. Civ. P. 4(a)(5)(A)(i). Here, petitioner placed his motion for extension of time to file notice of appeal in the prison mail system on August 5, 2008. (See D.E. 31 at 2). Petitioner's motion for extension of time to file a notice of appeal is timely. Fed. R. Civ. P. 4(a)(5)(A)(i).

In addition, petitioner must show good cause or excusable neglect in failing to file his notice of appeal within the thirty-day deadline. See Fed. R. Civ. P. 4(a)(5)(A)(ii). The determination to grant a motion for an extension of time based upon good cause or excusable neglect is an equitable decision requiring that the court take into consideration all relevant circumstances, including reason for the delay, length of the delay, prejudice to the opposing party, potential impact on the judicial proceedings, and whether the movant acted in good faith. Midwest Employer's Cas. Co. v. Williams, 161 F.3d 877, 879 (5th Cir. 1998) (citing Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993).

Here, the factors weigh in favor of petitioner. In his motion to extend time to file notice of appeal, petitioner states that he did not know final judgment had been entered because the magistrate

judge withdrew the first recommendation and entered an amended recommendation. (D.E. 31). In addition, there is no indication that respondent is prejudiced by the delay in letting petitioner file a late appeal. Furthermore, there is no indication that petitioner did not act in good faith. Finally, the impact on the judicial proceedings is negligible because petitioner's appeal must be decided in any event.

Accordingly, petitioner's request for an extension of time to file notice of appeal (D.E. 31) is GRANTED.

Petitioner's request for a COA was previously addressed and denied in the order adopting recommendation. (See D.E. 25). Petitioner is advised that he may request the issuance of a COA from a circuit court of appeals judge. See Fed. R. App. P. 22 (b) (If the district judge has denied the COA, the applicant may then request issuance of the certificate by a circuit judge). If petitioner does not expressly make such a request for a COA, the notice of appeal shall be deemed to constitute a request addressed to the judges of the Fifth Circuit. Id.

ORDERED this 29th day of August, 2008.

_____
Janis Graham Jack
United States District Judge